IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS E. WALKER, II<br>1913 Stoneridge Drive<br>Hinckley, Ohio 44233 | ) ) ) ) | CASE NO.:<br><br>JUDGE: |
| Plaintiff, | ) ) | **COMPLAINT FOR DAMAGES** |
| vs. | ) ) ) | (JURY DEMAND ENDORSED<br>HEREIN) |
| J.P. MORGAN CHASE BANK N.A.<br>285 East Reagan Parkway<br>Medina, Ohio 44256 | ) ) ) ) | |
| **Serve Also:** | ) ) | |
| J.P. Morgan Chase National<br>Corporate Services, Inc.<br>c/o CT Corporation System<br>4400 Easton Commons Way,<br>Suite 125<br>Columbus, Ohio 43219 | ) ) ) ) ) ) ) | |
| Defendant. | ) | |

Plaintiff Thomas Walker, by and through the undersigned, and as his Complaint against Defendant states and avers the following:

### PARTIES & VENUE

1. Walker is a former employee of J.P. Morgan Chase Bank N.A. ("J.P. Morgan").

2. J.P. Morgan is a foreign corporation that maintains a place of business in the city of Medina, county of Medina, and state of Ohio, at which location it employed Walker and at which location the acts giving rise to this claim occurred.

3. At all times material herein, J.P. Morgan was an employer, pursuant to 42 U.S.C. § 12111 (5), 29 CFR § 825.104, and 42 U.S.C. § 2000e (b).

4. At all times material herein, J.P. Morgan was an employer, pursuant to Ohio Rev. Code § 4112.01 (A)(2).

5. At all times material herein, Walker was J.P. Morgan's employee, pursuant to 42 U.S.C. § 12111 (4) and 42 U.S.C. § 2000e (f), and Walker was an eligible employee pursuant to 29 CFR § 825.110 (a).

6. At all times material herein, Walker was J.P. Morgan's employee, pursuant to Ohio Rev. Code § 4112.01 (A)(3).

7. Jurisdiction is proper over Defendant pursuant to 28 U.S.C. § 1331, in that Walker is alleging federal law claims arising under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*.

8. Within 300 days of the conduct alleged below, Walker filed charges with the Equal Employment Opportunity Commission ("EEOC"), specifically Charge Nos. 532-2023-01161 and 532-2023-01928.

9. On or about August 2, 2023, Walker received Right to Sue letters, dismissing his EEOC charges and providing him with the right to bring the instant matter.

10. Walker has properly exhausted his administrative remedies.

11. Venue is properly placed in the Unites States District Court for the Northern District of Ohio, Eastern Division, because it is the Court for the district, division, and county within which a substantial part of the events giving rise to this Complaint occurred.

12. This Court is a court of general jurisdiction over all subject matters of this Complaint and the claims presented herein.

## FACTS

13. On or about February 8, 2023, J.P. Morgan terminated Walker.

14. At the time of his termination, Walker had been employed by J.P. Morgan at its Medina location for nearly twenty years.

15. In the spring of 2020, Walker raised concerns about a lack of diversity at J.P. Morgan, concerns Walker repeated throughout that summer and into winter.

16. In January of 2022, coinciding with the arrival of a new Regional Manager, and again in early spring 2022, Walker raised his concerns about the lack of diversity among JP Morgan advisors.

17. In April 2022 informed his Regional Manager about an incident of sexual harassment at J.P. Morgan.

18. In August 2022, Walker lodged a complaint with J.P. Morgan human resources relative to sexual harassment in the workplace.

19. On September 1, 2022, Walker took a medical leave of absence and applied for FMLA. At that time, Walker disclosed to JP Morgan that he had been diagnosed with depression, anxiety, and anger management issues.

20. On November 21, 2022, Walker returned from medical leave.

21. On November 24, 2022, Walker was placed on administrative leave, ostensibly related to a remark that he made to a colleague, concerning another colleague.

22. In early January of 2023, J.P. Morgan human resources contacted Walker regarding his previous complaint regarding workplace sexual harassment.

23. On January 17, 2023, Walker submitted a Charge of Discrimination with the EEOC, which was processed on January 20, 2023, in which Walker alleged that J.P. Morgan engaged in discrimination on the basis of race, color, disability, and that it had retaliated against him due to his outspokenness about diversity and his disability-related medical leave.

24. On February 8, 2023, J.P. Morgan terminated Walker.

25. On March 27, 2023, Walker filed a second charge with the EEOC alleging that his termination was due in part to unlawful retaliation for his filing of

the first charge and in part because of his previous complaints about workplace sexual harassment.

## COUNT I: DISCRIMINATION IN VIOLATION OF THE ADA AND OHIO REV. CODE § 4112

26. Walker realleges all prior paragraphs of this Complaint.

27. At all times material herein, Walker was qualified for the position he held at J.P. Morgan.

28. J.P. Morgan terminated Walker because of his disability.

29. Alternatively, J.P. Morgan terminated Walker because of its perception that Walker was disabled.

30. Alternatively, J.P. Morgan terminated Walker in retaliation for his requested accommodation.

31. J.P. Morgan's termination of Walker was in contravention of 42 U.S.C. § 12112 (a) and Ohio Rev. Code § 4112.

32. As a direct and proximate result of J.P. Morgan's unlawful conduct, Walker has suffered and will continue to suffer damages.

## COUNT II: RETALIATION IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

33. Walker realleges all prior paragraphs of this Complaint.

34. Walker's September 2022 notification to J.P. Morgan of his illness and required leave was activity protected by the FMLA, activity of which J.P. Morgan was aware.

35. Three days after Walker returned from FMLA leave, J.P. Morgan placed him on administrative leave, at the conclusion of which it terminated him.

36. J.P. Morgan terminated Walker in retaliation for his exercise of rights afforded by the FMLA, in contravention of 29 U.S.C. § 2615 (a) and 29 CFR § 825.220.

37. As a direct and proximate result of J.P. Morgan's unlawful conduct, Walker has suffered and will continue to suffer damages.

## COUNT III: RETALIATION IN VIOLATION OF TITLE VII AND OHIO REV. CODE 4112

38. Walker realleges all prior paragraphs of this Complaint.

39. Walker's complaints throughout 2022 about J.P. Morgan's lack of diversity were legally protected activity under both 42 U.S.C. § 2000e-3 and Ohio Rev. Code § 4112.

40. Walker's complaint in August 2022 about workplace sexual harassment was legally protected activity under both 42 U.S.C. § 2000e-3 and Ohio Rev. Code § 4112.

41. Walker's January 2023 participation in J.P. Morgan's investigation into his August 2022 sexual harassment complaint was legally protected activity under both 42 U.S.C. § 2000e-3 and Ohio Rev. Code § 4112.

42. J.P. Morgan terminated Walker in retaliation his engagement in activities protected by 42 U.S.C. § 2000e-3 and Ohio Rev. Code § 4112.

43. As a direct and proximate result of J.P. Morgan's unlawful conduct, Walker has suffered and will continue to suffer damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Thomas Walker respectfully requests that this Honorable Court grant the following relief:

1.      An order requiring J.P. Morgan to retroactively restore Walker to one of the positions to which he was entitled by virtue of his service and qualifications, and expunge his personnel file of all negative documentation;

2.      An award against J.P. Morgan of damages to compensate Walker for back pay, front pay, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim;

3.      An award of liquidated damages, in an amount equal to any amount awarded Walker as back and front pay related to his claim under the Family and Medical Leave Act;

4.      An award of punitive damages against J.P. Morgan in an amount in excess of $25,000;

5.      An award of reasonable attorney's fees and costs for Walker's claims as allowable and/or required under law;

6.      Any award of other relief that this Court may deem necessary and proper.

Respectfully submitted,

*s/ Peter C. Mapley*
Peter C. Mapley (0092359)
**SOBEL, WADE & MAPLEY, LLC**
55 Erieview Plaza, #370
Cleveland, Ohio 44114
(216) 223-7213
mapley@swmlawfirm.com

*Attorney for Plaintiff*

## JURY DEMAND

Plaintiff Thomas Walker demands a trial by jury by the maximum number of jurors permitted.

*s/ Peter C. Mapley*
Peter C. Mapley (0092359)